THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR RECENT REQUEST FOR ASSISTANCE FROM THIS OFFICE. IT DOES NOT APPEAR, HOWEVER, THAT AN OFFICIAL PUBLISHED RESPONSE BE PROVIDED BECAUSE, ALTHOUGH THE APPLICABLE LAW IS UNAMBIGUOUS, THE ANSWER TO YOUR QUESTION WILL ULTIMATELY HINGE ON QUESTIONS OF FACT AND THE PROSECUTORIAL DISCRETION OF THE LOCAL DISTRICT ATTORNEY.
IN YOUR LETTER YOU DESCRIBE A SITUATION IN WHICH A CONSTITUENT WISHES TO SELL 14K GOLD PLATED PENNIES AS LUCKY CHARMS. THESE PENNIES ARE TO BE SOLD BY COIN SHOPS, DEALERS AND PRIVATE COLLECTORS. WITH EACH LUCKY PENNY, THERE WILL BE A DETACHABLE "FREE" ENTRY FORM TO A SWEEPSTAKES DRAWING, WHICH THE PURCHASER COULD SEND IN TO ENTER THE SWEEPSTAKES. ADDITIONALLY, THERE WILL BE INFORMATION INFORMING THE PUBLIC AT LARGE THAT THEY CAN OBTAIN AN ENTRY FORM FOR SAID SWEEPSTAKES WITHOUT PURCHASING THE GOLD PENNY. TO ENTER THE SWEEPSTAKES, THESE PERSONS WOULD BE REQUIRED TO SEND A SELFADDRESSED STAMPED ENVELOPE TO THE OFFICE OF THE SWEEPSTAKES. THE SWEEPSTAKES OFFICE WOULD IN TURN SEND AN ENTRY FORM TO THAT INDIVIDUAL FOR COMPLETION AND RESUBMISSION TO THE OFFICE. THE CONSTITUENT WOULD LIKE TO CALL THIS SWEEPSTAKES THE "LUCKY PENNY LOTTERY SWEEPSTAKES".
A "LOTTERY" IN OKLAHOMA IS DEFINED BY TITLE 21 O.S. 1051 (1981). THAT SECTION PROVIDES IN PERTINENT PART:
 "A LOTTERY IS ANY SCHEME FOR THE DISPOSAL OR DISTRIBUTION OF PROPERTY BY CHANCE AMONG PERSONS WHO HAVE PAID, OR PROMISED, OR AGREED TO PAY ANY VALUABLE CONSIDERATION FOR THE CHANCE OF OBTAINING SUCH PROPERTY, OR A PORTION OF IT, OR FOR ANY SHARE OF OR INTEREST IN SUCH PROPERTY, UPON ANY AGREEMENT, UNDERSTANDING OR EXPECTATION THAT IT IS TO BE DISTRIBUTED OR DISPOSED OF BY A LOT OR CHANCE, WHETHER CALLED A LOTTERY, A RAFFLE, OR A GIFT ENTERPRISE, OR BY WHATEVER NAME THE SAME MAY BE KNOWN. VALUABLE CONSIDERATION SHALL BE CONSTRUED TO MEAN MONEY OR GOODS OF ACTUAL PECUNIARY VALUE. . . ."
FROM THE STATUTE, IS CLEAR THAT REGARDLESS OF THE NAME GIVEN TO THE PLAN, IF THE ELEMENTS OF PRIZE, CHANCE, AND CONSIDERATION ARE PRESENT, IT IS A LOTTERY. FURTHER, THE OKLAHOMA SUPREME COURT HAS STATED THAT "THREE ELEMENTS ARE ALWAYS NECESSARY FOR A SCHEME TO BE HELD A LOTTERY, NAMELY: (1) PRIZE; (2) CHANCE; (3) CONSIDERATION. IF ANY OF THESE ELEMENTS IS NOT PRESENT AS AN INTEGRAL PART OF THE SCHEME, THEN NO LOTTERY EXISTS". STATE V. LYNCH, 137 P.2D 949, 953 (OKL 1943).
IN THE CONTEST WHICH YOU DESCRIBE, TWO OF THE ELEMENTS OF A LOTTERY ARE PRESENT, THOSE TWO BEING THE ELEMENTS OF CHANCE AND THE AWARDING OF A PRIZE. HOWEVER, THE THIRD REQUISITE OF A LOTTERY, THAT OF CONSIDERATION, IS MISSING. AS SET FORTH ABOVE, THE OKLAHOMA STATUTES DEFINE CONSIDERATION AS ". . . MONEY OR GOODS OF ACTUAL PECUNIARY VALUE." 21 O.S. 1051 (1991). A MORE SPECIFIC DEFINITION OF CONSIDERATION IS FOUND IN OKLAHOMA'S COMMERCIAL GAMBLING ACT WHICH IS ALSO APPLICABLE, BECAUSE LOTTERIES COME WITHIN THE PURVIEW-OF THAT ACT, 21 O.S. 981 (1981) ET SEQ. THAT ACT DEFINES CONSIDERATION AS:
 "(A)NY THING WHICH IS A COMMERCIAL OR FINANCIAL ADVANTAGE TO THE PROMOTER OR A DISADVANTAGE TO ANY PARTICIPANT. MERE REGISTRATION WITHOUT PURCHASE OF GOODS OR SERVICES; PERSONAL ATTENDANCE AT PLACES OR EVENTS, WITHOUT PAYMENT OF AN ADMISSION PRICE OR A FEE; LISTENING TO OR WATCHING RADIO AND TELEVISION PROGRAMS; ANSWERING THE TELEPHONE OR MAKING A TELEPHONE CALL AND ACTS OF LIKE NATURE ARE NOT CONSIDERATION. 21 O.S. 981(2) (1981).:
 THUS, AS THE FORGOING IS APPLIED TO THE SITUATION WHICH YOU DESCRIBE, IT APPEARS THAT THE PROPOSED PLAN DOES NOT VIOLATE A SPECIFIC STATUTORY PROHIBITION, AS THE REQUISITE ELEMENT OF CONSIDERATION IS NOT PRESENT. HOWEVER, WHETHER A PARTICULAR CONTEST OR SWEEPSTAKES CONSTITUTES A LOTTERY IS A QUESTION OF FACT, WHICH THIS OFFICE IS NOT STATUTORILY VESTED WITH THE AUTHORITY TO RULE UPON. THE FINAL DETERMINATION AS TO WHETHER THE PLAN CONSTITUTES A LOTTERY AND THE DECISION WHETHER TO PROSECUTE WOULD ULTIMATELY REST WITH THE DISTRICT ATTORNEY OF THE COUNTY IN WHICH THE PARTICULAR SWEEPSTAKES IS TO TAKE PLACE.
(ROBERT T. RALEY)